IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CURTIS MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03-3173-CV-S-RED |
| | ) | |
| CITY UTILITIES OF SPRINGFIELD, | ) | |
| MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Now before the Court are Defendant's Proposed Bill of Costs (Doc. 155), Plaintiff's Objections (Doc. 163) to Defendant's Bill of Costs, Defendant City of Springfield's Petition for Attorneys' Fees and Reasonable Costs (Doc. 158), Defendant's Motion for Extension of Time to File Its Petition for Attorneys' Fees, or Alternatively, Motion to File Petition for Attorneys' Fees Out of Time (Doc. 160), Defendant's Motion for Extension of Time to File Notice of Appeal (Doc. 166), Plaintiff's Motion, and Supporting Suggestions, for Orders Directed to Court Filings Related to Costs, Expenses, and Attorney's Fees (Doc. 174), Plaintiff's Request for Orders on Motions for Costs, Expenses, and Attorneys' Fees (Doc. 176), and Plaintiff's Motion to Reconsider Order Denying Plaintiff's Request for Stay and for Certification of Appealability of Order Denying Motion for Recusal and Full Disclosure (Doc. 185). Each Motion shall be addressed separately.

Factual Background

Plaintiff filed his Complaint against Defendant City Utilities, the City of Springfield, and Wayne Scheer, Chair of the Board of Public Utilities of Springfield, on May 12, 2003, alleging, *inter alia*, unlawful termination in violation of Title VII, the Age Discrimination in Employment Act, and

the Missouri Human Rights Act; common law violations; and intentional interference with benefits in violation of ERISA. The Court dismissed Mr. Scheer and City Utilities as improper parties on May 28, 2004. Subsequently, the Court granted Defendant City of Springfield's Motion for Summary Judgment, granting judgment in favor of Defendant on all counts of Plaintiff's Complaint, on December 21, 2004. On December 22, 2004, the Clerk's Judgement was entered. On January 12, 2005, Defendant filed its Proposed Bill of Costs, seeking court reporter costs, copies of papers, and "other costs," including expert testimony fees and videotape deposition fees. On January 19, 2005, Plaintiff filed his Notice of Appeal as to the adverse ruling on the Motion for Summary Judgment. That same day, approximately one-half hour later, Defendant filed its Motion for attorneys' fees. In the Motion, Defendant argued that it should be awarded attorneys' fees, because, *inter alia*, Plaintiff's civil rights and ERISA actions were frivolous and prosecuted in bad faith, which opens the door to an award of attorney's fees for a prevailing defendant. The next day, Defendant filed a Motion for extension of time to file the Motion for attorneys' fees, recognizing that Federal Rule of Civil Procedure 54(d)(2)(B) requires that such motion be filed no later than 14 days after entry of judgment. Defendant argued that its counsel mistakenly looked to a statute, 28 U.S.C. § 2412 , which states that the deadline for filing such a motion, when the United States is a non-prevailing party, is thirty days.

      Plaintiff has objected to both the bill of costs and attorney's fee awards as untimely filed. Plaintiff also objects both to the specific amounts requested in the bill of costs and attorneys' fees motion and to the fact that Defendant would be entitled to attorneys' fees at all.

Bill of Costs & Motion for Attorneys' Fees

Defendant filed its bill of costs on January 12, 2005. The order of final judgment was entered on December 22, 2004. Local Rule 83.2 requires that a bill of costs be filed by a party seeking costs no later than twenty days after entry of final judgment pursuant to Federal Rule of Civil Procedure 58. Thus, the bill of costs was filed one day late. Said error was apparently not recognized by Defendant at the time the bill was filed. The issue was later raised by Plaintiff, when Plaintiff objected to the costs as improper and untimely. Defendant filed its Motion for attorneys' fees on January 19, 2005, minutes after Plaintiff filed his Notice of Appeal, and twenty-eight days after the final judgment was entered. Federal Rule of Civil Procedure 54(d)(2)(B) requires, that, unless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment.

Regarding the lateness of the bill of costs, Defendant argues that because it was required to file a document in paper form with the clerk (as well as filing the bill on the Court's Electronic Case Filing system) an extra day was allowed. Defendant cites to Federal Rule of Civil Procedure 6(a), which Defendant quotes as "[t]he last day of the day so computed shall be included, unless...when the act to be done is the filing of a per in court ... in which the event period runs until the end of the next day...." *See Def.'s Response to Pl.'s Objection* (Doc. 169) at 1. Defendant's use of ellipses proves fatal to the argument. Rule 6(a) states that the last day is included, unless "when the act to be done is the filing of a paper in court, *a day on which weather or other conditions have made the office of the clerk of the district court inaccessible*...." Fed. R. Civ. P. 6(a) (emphasis added). The clear meaning of this rule is that a party gets an extra day to file a paper with the court when some physical condition has caused the clerk's office to close on a day in which it would otherwise be

3

open. Thus, Defendant's bill of costs was not timely filed. In the alternative, Defendant argues that the time period should be extended for excusable neglect.

Regarding the lateness of the motion for attorney's fees, Defendant asserts that Defendant's counsel consulted the Index to Civil Procedure and Rules in the 2004 edition of the Federal Civil Judicial Procedure and Rules volume published by Thompson West. Defendant advises that the listing under "Attorneys – Fees – Prevailing Party" referred to 28 U.S.C. § 2412, in which subsection (d)(1)(B) provides a party thirty days to file a motion for an award of attorney's fees. Defendant advises that it was only afterward that its counsel discovered that Rule 54(d) would apply.

28 U.S.C. § 2412, the Equal Access to Justice Act, is actually a statue providing for costs and fee awards when the United States is a party to a suit. The subsection that includes the thirty day deadline, § 2412(d)(1)(B), also includes a requirement that the party allege "that the position of the United States was substantially justified." Even if the statute was misread, Defendant argues, that the extensions should be granted due to excusable neglect.

The Court can consider bills of costs and motions for attorneys' fees that are untimely filed when the failure to act within the deadline was the result of "excusable neglect." *See* Fed. R. Civ. P. 6(b); *Sugarbaker, v. SSM Health Care*, 187 F.3d 853, 855-56 (8th Cir. 1999). Excusable neglect can include inadvertence, mistake or carelessness. *Sugarbaker*, 187 F.3d at 856 (citations omitted). In determining whether the neglect is excusable, courts should look to the reason for delay (including whether the delay was within the party's control) the length of the delay, the possibility of prejudice, and whether the party acted in good faith. *Id.* (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389 (1993)). While all factors are important, "at the end of the day, the focus must be upon the nature of the neglect." *Lowry v. McDonnell Douglas Corp.*, 211

4

F.3d 457, 463 (8th Cir. 2000) (en banc) (discussing excusable neglect in relation to a motion to extend time for filing an appeal).

Defendant's reasons for late filing of its bill of costs are seriously lacking. First, Defendant offers no explanation for why the bill of costs was filed a day late. Defendant attempts to argue that Rule 6(a) provides Defendant an extra day because it was required to file papers with the clerk. As articulated above, such an argument is clearly an unreasonable reading of the rule, which provides an extra day only when "weather or other conditions have made the office of the clerk of the district court inaccessible."

Defendant's reasons for late filing of the Motion for Attorney Fees is also lacking. Defendant claims that it missed the deadline because the only index entry in the Federal Civil Procedure and Rules book referred to 28 U.S.C. § 2412, which is the Equal Access to Justice Act. A complete reading of the section—or even of the subsection that mentions a thirty-day deadline—demonstrates that such deadline is clearly inapplicable when the United States is not a party. Defendant continues to claim that the rules providing for the awarding of attorneys' fees are "ambiguous." *See Suggestions of Def. (1) In Support of its Motion for Extending Time to File Notice of Appeal and (2) In Reply to Pl.'s Suggestions in Opp. to Def.'s Mot. for Leave of Court to File out of Time Mot. for Attorney's Fees* (Doc. 167) at 4. Defendant cites no statute or authority indicating that Defendant has more than 14 days to file a motion for attorneys' fees on any counts of Plaintiffs' Complaint.

Mistakes of law are generally insufficient to support a finding of excusable neglect. *Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 404 (8th Cir. 2000). Defendant provides no explanation why it missed the bill of costs deadline, and straightforwardly admits that it believed another federal

5

statute applied to the deadline to file for attorneys' fees.

Further, although Defendant missed the deadline for a bill of costs by one day, it missed the deadline to file its attorneys' fees motion by fourteen days. Such motion was filed after Plaintiffs' notice of appeal was filed. Thus, the Motion continues to obstruct the appeal process. Although there is no indication that Defendant acted in bad faith, on balance, the Court finds that Defendant's actions do not amount to excusable neglect.

Defendant cites to the case of *Sugarbaker v. SSM Healthcare*[1] for the proposition that a party's filing of a motion for attorney's fees one day late was excusable neglect, even though the events causing the delay were within the party's control. In *Sugarbaker*, however, the court recognized that the late filing was due to a miscalculation of the guideline—a mistake of fact. Additionally, the Eighth Circuit only recognized that the district court (which did not rule on the motion for extension of time but implicitly granted it by addressing the merits) did not abuse its discretion in considering the untimely request. *Sugarbaker*, 187 F.3d at 856. Thus, *Sugarbaker* is not controlling.

The Court has a strong interest in adhering to deadlines clearly established. Defendant has

---

[1] In an earlier filing, Defendant asserted that *Sugarbaker* was decided by the United States Supreme Court, stating that the Supreme Court itself "allowed the extension for the time of filing a motion for attorneys' fees..." that the Supreme Court "noted that its definition of 'excusable neglect' includes 'late filings....'" and that the Supreme Court "considered all 'relevant circumstances.'" *Def.'s Suggestions in Support of Its Mot. for Ext. of Time to File Its Pet. for Attorneys' Fees* (Doc. 161) at 2-3. *Sugarbaker* was never decided by the Supreme Court; the citation Defendant provides for support is to the Supreme Court's denial of certiorari of the Eighth Circuit case. *See Sugarbaker v. SSM Healthcare*, 528 U.S. 1137 (2000) (mem.). The petition for certiorari was not even for the case related to the attorney fee request; the petition for certiorari was filed on the substantive summary judgment issues addressed in a separate Eighth Circuit opinion, *Sugarbaker v. SSM Healthcare*, 190 F.3d 905 (8th Cir. 1999). Defendant apparently recognized such mistake and, later, referred only to the Eighth Circuit's decision. *See Suggestions of Def.* (Doc. 167) at 2.

not articulated any sufficient reason for the Court to overlook those deadlines. Defendant has not demonstrated excusable neglect for filing its bill of costs or motion for attorneys' fees, so the motions must be denied.[2]

## Motion for Extension of Time to File Notice of Appeal

Defendant also filed a Motion for Extending Time to File Notice of Appeal (Doc. 166), arguing that such an extension would provide the parties time necessary to seek appellate review of the Court's rulings on costs and fees, if either party desires to do so. Federal Rule of Appellate Procedure 4(a)(4)(B) provides the parties sufficient time to perfect their appeals. The Motion shall be denied.

## Motion for Orders on Motions

Plaintiff filed two Motions (Docs 174 & 176) for Orders on Motions related to costs, expenses and fees. Both of these Motions were filed while Plaintiff's Motion for Recusal (Doc. 172) was pending. As articulated below, Plaintiff has also requested that the Court reconsider its ruling denying recusal and requests that the Court issue a stay in this case and issue a certificate of appealability. *See* Pl.'s Mot. (Doc. 185), once again requesting that the Court not rule on pending motions. Nonetheless, because of the rulings above, Plaintiff's Motions are moot.

## Motion for Reconsideration

Finally, Plaintiff filed a Motion requesting that the Court reconsider its previous rulings denying Plaintiff's Motion for the Court to recuse, issue a stay, and grant a certificate of appealability. In Plaintiff's Motion for Reconsideration (Doc. 185), Plaintiff does not articulate any

---

[2] Plaintiff, in one response, requested leave of court to file a motion for attorney's fees incurred in responding to Defendant's post-judgment motions. Such a request is denied.

7

basis in law or fact for the Court to reconsider its ruling. Thus, such motion will be denied. Accordingly, it is hereby

ORDERED AND ADJUDGED that:

1. Plaintiff's Objections (Doc. 163) to Defendant's Bill of Costs, are **SUSTAINED**; Defendant's Proposed Bill of Costs (Doc. 155), is **DENIED** as untimely.

2. Defendant City of Springfield's Petition for Attorneys' Fees and Reasonable Costs (Doc. 158), is **DENIED** as untimely.

3. Defendant's Motion for Extension of Time to File Its Petition for Attorneys' Fees, or Alternatively, Motion to File Petition for Attorneys' Fees Out of Time (Doc. 160) is **DENIED** for failure of Defendant to demonstrate excusable neglect.

4. Defendant's Motion for Extension of Time to File Notice of Appeal (Doc. 166), is **DENIED.**

5. Plaintiff's Motion, and Supporting Suggestions, for Orders Directed to Court Filings Related to Costs, Expenses, and Attorney's Fees (Doc. 174) and Plaintiff's Request for Orders on Motions for Costs, Expenses, and Attorneys' Fees (Doc. 176) are **DENIED AS MOOT.**

6. Plaintiff's Motion to Reconsider Order Denying Plaintiff's Request for Stay and for Certification of Appealability of Order Denying Motion for Recusal and Full Disclosure (Doc. 185) is **DENIED.**

**IT IS SO ORDERED.**

DATE:     May 13, 2005         _/s/ Richard E. Dorr_
                               RICHARD E. DORR, JUDGE
                               UNITED STATES DISTRICT COURT

8